FILED

JAN 02 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE H. CERVANTES, | No. 12-16196 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00387-BAM |
| v. | |
| DARREL G. ADAMS, Warden, CSP; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding[**]

Submitted December 19, 2012[***]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Jose H. Cervantes, a California state prisoner, appeals pro se from the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      Rodriguez consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. §§ 1915A or 1915(e)(2). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Cervantes's due process claims regarding his gang validation and assignment to the security housing unit ("SHU") because, even assuming he had a liberty interest in avoiding indeterminate SHU confinement, the facts alleged by Cervantes show that he received all the process that he was due. *See Wilkinson v. Austin*, 545 U.S. 209, 228-29 (2005) (notice and opportunity to be heard are adequate procedural safeguards for placement in maximum custody); *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (prison officials must provide inmate facing gang validation with notice of the charges and an opportunity to present his views, and decisions must be supported by "some evidence" with sufficient indicia of reliability).

The district court properly dismissed Cervantes's claim that confinement in the SHU constituted cruel and unusual punishment because Cervantes failed to allege facts sufficient to show that defendants knew of and disregarded an excessive risk of harm to his health or safety. *See Farmer v. Brennan*, 511 U.S.

825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety . . . .").

The district court properly dismissed Cervantes's First Amendment claim challenging the prison's determination that symbols found in a tattoo on his body and a drawing in his cell were associated with the Mexican Mafia prison gang and could serve as source items in his gang validation. *See Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129-32 (1977) (prison officials may curtail prisoner's First Amendment rights if they determine that particular expressive or associational conduct has a "likelihood of disruption to prison order or stability, or otherwise interfere[s] with [] legitimate penological objectives").

The district court did not abuse its discretion by denying Cervantes's motion for appointment of counsel because Cervantes failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

Cervantes's contentions concerning alleged violations of California Department of Corrections and Rehabilitation policies are unavailing.

**AFFIRMED.**

3                                                                                          12-16196